UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RANDY RINDAHL, | ) | Civ.  11-4131 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAUGAARD, Governor, State of South | ) | |
| Dakota; | ) | |
| TIM REISCH, Sec. of Corrections, State | ) | |
| of South Dakota Penitentiary (SDSP); | ) | ORDER DENYING IN FORMA |
| WEBER, Warden (SDSP); | ) | PAUPERIS STATUS AND |
| SLYKHUS, Deputy Warden (SDSP); | ) | DISMISSING CASE WITHOUT |
| PONTO, Assc. Warden (SDSP); | ) | PREJUDICE |
| VAN VORNE, Senior Major (SDSP | ) | |
| Jameson); | ) | |
| LINNIWEBER, Security (SDSP); | ) | |
| BAKER, Major (SDSP an Jameson); | ) | |
| J. MILLER, Lt. Security (Jameson); | ) | |
| DITTMONSON, Section Manager; | ) | |
| M. WAAGEMERSTER, Section Manager; | ) | |
| J. OAKLEY, Physician Assistance | ) | |
| (SDSPHS); | ) | |
| J. SPURRELL, Health Care Manager; | ) | |
| TERMEER, S.C.O. | ) | |
| WILLIAMS, S.C.O. | ) | |
| BEAVER, Lt. Disciplainary Hearing | ) | |
| Officer; | ) | |
| D. YOUNG, Asst. Warden (Jameson | ) | |
| Annex); | ) | |
| JOHNSON, S.C.O. | ) | |
| ANDERSEN, S.C.O. | ) | |
| ANDREW E. COOPERMAN, Under | ) | |
| contract SDSP; | ) | |
| KAYLA TINKER, R.N. Administrator; | ) | |
| RIGIER, Dr. (SDSPHS); | ) | |
| JEFF LUTHER, M.D., Director | ) | |
| (SDSPHS); | ) | |
| DUREEN HOLLINGSWORTH, Sec. Dep't | ) | |
| Health. | ) | |
| | ) | |
| Defendants. | ) | |

**BACKGROUND**

Plaintiff, Randy Rindahl, is a prisoner at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. Rindahl has filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983, alleging various deprivations of his civil rights by the above-named defendants. Rindahl initially filed the instant lawsuit in the Western District of Wisconsin, but Judge Barbara Crabb transferred the case to this district because she determined the Eastern District of Wisconsin has no personal jurisdiction over defendants. *See* Doc. 29. Plaintiff wishes to proceed *in forma pauperis*. His amended complaint[1] is "screened" pursuant to 28 U.S.C. § 1915(e) and 1915A.[2]

--------------------------------------------------

[1] Rindahl filed a complaint on February 15, 2011. Doc. 1. He filed an amended complaint on March 21, 2011. Doc. 10. The amended complaint is considered on screening.

[2] 28 U.S.C. § 1915(e)(2)(B)(ii) provides:

(2)   Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
(B)   the action or appeal–
(i)    is frivolous or malicious;
(ii)   fails to state a claim on which relief may be granted; or
(iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915A provides in relevant part:

(a)   Screening.–The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## DISCUSSION

**Rindahl's Litigation History and Whether He Has Sufficiently Alleged "Imminent Danger" for IFP Status**

The Prison Litigation Reform Act provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

28 U.S.C. § 1915(g) (emphasis added).

Rindahl is a frequent litigant in the District of South Dakota. He has been designated as a "three-strike" litigant who is ineligible for *in forma pauperis* status in the absence of a sufficient claim of imminent danger of serious physical harm. Rindahl's previous claims of imminent danger have been deemed inadequate or exaggerated.[3] Rindahl's lawsuits that have been

_____

(b)    Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2)    seeks monetary relief from a defendant who is immune from such relief.

[3] *Rindahl v. Reisch*, Civ. 10-4004 (D.S.D.) (In forma pauperis status initially granted but later revoked based on Rindahl's misrepresentations to the Court; case dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)); *Rindahl v. Reisch*, 10-4156 (D.S.D.) (In forma pauperis status denied for failure to sufficiently allege imminent danger of serious physical harm).

3

dismissed upon "screening" pursuant to 28 U.S.C. § 1915(d) or

§ 1915(e)(2)(B)(ii)[4] are summarized below:

1.  *Rindahl v. Class*, Civ. 95-4207 (D.S.D.) Rindahl claimed the DOC
    failed to adequately enforce its own policies. Judge Jones
    dismissed the claim as frivolous pursuant to 28 U.S.C. § 1915(d).
    **Strike One**.

2.  *Rindahl v. Class*, Civ. 96-4116 (D.S.D.) Rindahl claimed
    unacceptable conditions in the SHU (special housing unit). Judge
    Jones dismissed the claim for failure to state a claim upon which
    relief may be granted pursuant to 28 U.S.C. § 1915(d). **Strike Two.**

3.  *Rindahl v. Class,* Civ. 96-4117 (D.S.D.) Rindahl claimed false
    disciplinary reports were filed against him in retaliation for filing a
    religious rights lawsuit. Judge Jones dismissed the claim for
    failure to state a claim upon which relief may be granted pursuant
    to 28 U.S.C. § 1915(d). **Strike Three.**

4.  *Rindahl v. Weber*, Civ. 08-4041 (D.S.D.) Rindahl claimed he was
    raped by a prison guard in 2003 and that the incident was never
    properly investigated by prison personnel. Judge Battey initially
    denied IFP status because Rindahl failed to sufficiently allege
    imminent danger. Judge Battey eventually allowed Rindahl to
    proceed IFP, but nevertheless ultimately dismissed the case for
    failure to state a claim upon which relief may be granted pursuant
    to 28 U.S.C. § 1915(e)(2)(B)(ii). **Strike Four.** The Eighth Circuit
    summarily affirmed Judge Battey's decision.

5.  *Rindahl v. Reisch*, Civ. 10-4004 (D.S.D.) Rindahl claimed deliberate
    indifference to a serious medical need (inattention to prison
    doctor's recommendation that surgery may be necessary on his
    cervical spine). Rindahl was initially granted IFP status based on
    his claims of imminent danger. His IFP status was revoked based
    upon Rindahl's misrepresentations to the court about the course of
    medical care given by prison medical personnel. Rindahl's case was

---

[4] The former 28 U.S.C. § 1915(d) became 28 U.S.C. § 1915(e) when the
PLRA became effective in 1996. *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir.
1996).

dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). **Strike Five.** The Eighth Circuit denied IFP status on appeal.[5]

In addition to the above cases that resulted in "strikes" for purposes of the PLRA, the following cases have been dismissed because Rindahl failed to prepay the filing fee or failed to adequately allege imminent danger of serious physical harm (which would have allowed him to proceed in the absence of prepayment, despite his "three-strike" status) pursuant to 28 U.S.C. § 1915(g):

6.  *Rindahl v. Weber*, Civ. 09-4084 (D.S.D.) Rindahl claimed deliberate indifference to a serious medical need. He alleged inadequate recovery time related to a surgical procedure performed in 2007. Judge Piersol denied IFP status because Rindahl failed to sufficiently allege imminent danger of serious physical harm.

7.  *Rindahl v. Reisch*, Civ. 09-4085 (D.S.D.) Rindahl claimed Warden Weber and others did not properly follow prison policy in investigating a sexual assault allegedly perpetrated upon Rindahl at some unspecified time in the past. Judge Piersol denied IFP status because Rindahl failed to sufficiently allege imminent danger of serious physical harm. Judge Piersol also noted the claims were duplicative of those that were then pending in Civ. 08-4041.

8.  *Rindahl v. Reisch*, Civ. 10-4156 (D.S.D.) Rindahl alleged previous sexual assaults perpetrated upon him at the SDSP were not appropriately investigated by prison personnel. Judge Schreier

---

[5] Judge Crocker's order dated May 9, 2011 (Doc. 19) which cites *Turley v. Gaetz*, 625 F.3d 1005 (7th Cir. 2010) and calculates Rindahl's strike count as two is noted. *Turley* is not binding precedent in the Eighth Circuit. Nevertheless, under *Turley* all of Rindahl's cases cited above as strikes remain strikes because the cases were dismissed in their entirety and none of the claims contained within them proceeded to adjudication on the merits.

noted the complaint was "nearly illegible" but nevertheless denied IFP status and dismissed the complaint because plaintiff failed to sufficiently allege imminent danger of serious physical harm. The Eighth Circuit denied Rindahl's application for IFP status on appeal and dismissed the case for failure to prosecute.

"The Prison Litigation Reform Act of 1996 enacted what is commonly referred to as the 'three strikes' provision, codified at 28 U.S.C. § 1915(g). This statute provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim may not proceed in a civil action *in forma pauperis* 'unless the prisoner is under imminent danger of serious physical injury.' The statute's bar does not preclude the inmate from filing additional actions but does deny him the advantages of proceeding *in forma pauperis*." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Further, a complaint that makes "no allegation of ongoing danger, other than conclusory assertions that defendants [are] trying to kill [the plaintiff] by forcing him to work in extreme conditions despite his blood pressure condition" is insufficient to invoke the imminent danger exception. *Id.* Instead, specific allegations of ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury are necessary. *Id.*

An otherwise ineligible prisoner may proceed IFP only if he is in imminent danger "*at the time of filing.*" Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (emphasis in original). Furthermore, "verbal threats and name

calling usually are not actionable under § 1983." *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993). *See also Smith v. Copeland*, 892 F. Supp.1218, 1230 (E.D. Mo. 1995) (gestures and abusive language alone are not actionable under § 1983); *Ellis v. Meade*, 887 F. Supp. 324, 329 (D. Me. 1995) (threatening language by guards does not generally violate prisoners' constitutional rights). Because verbal threats and abusive language are not actionable under § 1983, they likewise may not form the basis of an imminent danger exception to the "three strike" rule.

It is with these standards in mind that Rindahl's amended complaint in this case has been reviewed to determine whether he is eligible for *in forma pauperis* status under the imminent danger exception to the "three strike" rule. Because Rindahl is a three-strike litigant and his amended complaint does not meet the imminent danger exception, his amended complaint is dismissed.

Rindahl's claims in this pending suit arise from his assertion that he was the target of retaliation from prison guards during the time he spent in the Jameson Annex in 2010. Rindahl asserts that during the fall and winter of 2010, he was assaulted on three separate occasions "at the hands of correctional personnel" in retaliation for his prior lawsuits and grievances. *See* Amended Complaint, Doc. 10 at ¶ 32. Specifically, Rindahl asserts that he has been retaliated against for the filing of Civ. 08-4041 and Civ. 10-4156.

7

Rindahl asserts that throughout the fall and winter of 2010, defendants verbally threatened and physically assaulted him in retaliation for filing these suits.[6]

"[V]erbal threats and name calling usually are not actionable under § 1983." *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993). *See also Smith v. Copeland*, 892 F. Supp.1218, 1230 (E.D. Mo. 1995) (gestures and abusive language alone are not actionable under § 1983); *Ellis v. Meade*, 887 F. Supp. 324, 329 (D. Me. 1995) (threatening language by guards does not generally violate prisoners' constitutional rights). Because verbal threats and abusive language are not actionable under § 1983, they likewise may not form the basis of an imminent danger exception to the "three strike" rule.

Rindahl also alleges that defendants physically retaliated against him in addition to the verbal threats, but these claims are also insufficient to allege imminent danger of serious physical harm. First, these allegations are generally the same as the allegations Rindahl made in Civ. 11-4082 and Civ. 10-4156. In those cases, Rindahl alleged that several incidents of physical abuse occurred during the same time frame (fall/winter 2010) as when he

---

[6] Civ. 08-4041 was dismissed by the district court on August 11, 2009. The Eighth Circuit summarily affirmed the dismissal on September 10, 2010. Civ. 10-4156 was dismissed on October 26, 2010.  In forma pauperis status was denied and the named defendants were never served with the suit papers. The Eighth Circuit denied in forma pauperis status on appeal on December 29, 2010.

was housed in the Jameson Annex. In his Report and Recommendation for Civ. 11-4082, Magistrate Judge Simko noted that many of the claims in Civ. 11-4082 were similar to the claims that were deemed insufficient to state imminent danger in Civ. 10-4156. "All of his allegations pertain to past incidents and do not present evidence of ongoing serious physical injury or a pattern of misconduct which evidences the likelihood of imminent serious physical injury. At most, assuming Rindahl's claims are true, he has shown a pattern of offensive behavior." *See Rindahl v. Daugaard, et. al.* Civ. 11-4082, Report and Recommendation, Doc. 48.

Additionally, Rindahl's claims of retaliation are repetitive of claims he made in 11-4082, and those claims were dismissed with prejudice based upon Rindahl's fraudulent conduct in that case. Rindahl's motion to proceed *in forma pauperis* is DENIED. His amended complaint is dismissed without prejudice.

## CONCLUSION

Rindahl has failed to overcome his "three strike" status. These same claims of retaliation which allegedly occurred in the Jameson Annex in 2010 have previously: (1) been found insufficient to state imminent danger of serious physical harm; and (2) have been dismissed with prejudice after a finding by clear and convincing evidence that Rindahl perpetrated a fraud on the court in Civ. 11-4082. Therefore, it is

ORDERED that Rindahl's Motion for *in forma pauperis* status is DENIED;

IT IS FURTHER ORDERED that the amended complaint is DISMISSED without prejudice subject to Rindahl's payment of the entire $350 filing fee;[7]

IT IS FURTHER ORDERED that all pending motions are DENIED as moot.

Dated September 30, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

---

[7] The docket indicates Rindahl paid $7.50 of the filing fee while the case was pending in the Western District of Wisconsin pursuant to that District's system that requires payment before "screening" will occur.

10